## Case No. 14,502.

### UNITED STATES v. BAKER.

[1 Cranch, C. C. 268.] [1]

Circuit Court, District of Columbia. Dec. Term, 1805.

ASSAULT AND BATTERY — RIGHT OF PLAINTIFF'S AGENT TO ENTER DEFENDANT'S HOUSE—LEVY.

1. The officer cannot justify under a fieri facias, without producing it.

2. An agent of the plaintiff has a right to enter the house of the defendant with the officer to show him the defendant's goods to be taken on the fieri facias; and the authority of the agent need not be in writing, but may be proved by the testimony of the agent himself.

This was an indictment against [Samuel] Baker for an assault and battery upon W. Howard, who entered Baker's house with the officer who had an execution against the goods of Baker, at the suit of Barry. Howard accompanied the officer at the request of the plaintiff, and as his agent to show the goods to the officer

---

## Case No. 14,503.

### UNITED STATES v. BAKER.

[2 Cranch, C. C. 615.] [1]

Circuit Court, District of Columbia. May Term, 1825.

HUSBAND AND WIFE—DISTRIBUTION.

If a deed of land be set aside, in equity, after the death of the purchaser and of his widow, on account of his fraud, and the purchase-money be decreed to be repaid by the heirs of the vendor to the administrator of the purchaser, to be by him distributed as assets, the widow's second husband is entitled, as distributee, to his deceased wife's third of the purchase-money thus repaid.

This was an action of debt upon the defendant's administration bond, in which Barrett seeks to recover, in right of his deceased wife, (who, before her marriage with him, was the widow of Walter B. Smallwood,) one-third part of $1,330.35, which came to the defendant's hands under the following circumstances: On the 23d of June, 1806, W. B. Smallwood purchased of Addison Murdoch fifty-two acres of land, and paid therefor $1,176.93, and took possession. In 1810 or 1811, Smallwood died, leaving four children and a widow, who became administratrix and guardian of the children. In 1811 or 1812, the widow intermarried with Barrett, the plaintiff. Murdoch having also died, his heir at law, some years after the death of both Murdoch and Smallwood, filed a bill against Smallwood's heirs to set aside the purchase of the land, on the ground of the incapacity of Murdoch to contract. An issue out of chancery was ordered, to ascertain the fact whether the said contract was obtained by fraud on the part of Smallwood. The jury found a verdict for the heirs of Murdoch; Mrs. Barrett, the widow of Smallwood, being then alive. She died on the 8th of May, 1819, before any decree was passed in the cause. In November of the same year, the defendant [J. W. Baker] was appointed administrator de bonis non of Smallwood, and guardian of his children. On the 11th of January, 1822, the court decreed that the purchase should be set aside, and that the purchase-money should be repaid by Murdoch's heirs to Smallwood's administrator, to be by him distributed as assets of Smallwood's estate. There are no debts of Smallwood. A verdict for the plaintiff was rendered, by consent, subject to the opinion of the court, upon the case thus stated.

R. P. Dunlop, for plaintiff, contended that Smallwood's widow was entitled, as distributee, to one-third of the assets of Smallwood's estate, after payment of debts; that upon her death, her husband, Barrett, was, by the act of Maryland, vested with all her personal rights, or choses in action, and as, by the decree of the court, the money refunded by Murdoch's heirs, to Smallwood's administrator, is to be distributed as assets, he is, in right of his wife, entitled to one-third. See Maryland Testamentary Law, 1798, c. 101, subc. 5, §§ 8, 9; 2 Bl. Comm. 435; Whitaker v. Whitaker, 6 Johns. 112, 117.

Mr. Redin, contra, consented that, in equity, at the time of the death of the wife, this was land, (and not personal estate,) and descended to the heir at law, and that the wife had no right which could survive to her personal representative. She died before the

---

[2] [From the Report of the Trial of Savannah Privateers. 368 et seq.]

[1] [Reported by Hon. William Cranch, Chief Judge.]

land was converted into money. It was no part of her former husband's personal estate. He cited 2 Com. Dig. 617, "Fraud," 3 M, 7; Eastabrook v. Scott, 3 Ves. 461; Watt v. Watt, Id. 244; 1 Fonbl. 139; 2 Com. Dig. 208, "Baron and Feme," E, 2, and 210, E, 3; Co. Litt. 351a; 2 Bl. Comm. 433; Maryland Law, 1798, c. 101, subc. 5, § 8; Garrick v. Camden, 14 Ves. 372; Anderson v. Dawson, 15 Ves. 531; Bailey v. Wright, 18 Ves. 49.

CRANCH, Chief Judge. The question is whether Barrett is entitled to a third of that sum, ($1,330.35,) in right of his late wife, the widow of Smallwood, she being dead at the time it was decreed to be returned for distribution; or whether the children of Smallwood are entitled to the whole. By the terms of the decree, this money is to be distributed as assets of Smallwood's estate. The rights of the distributees of that estate vested at the moment of his death. His widow was then entitled to one-third of his personal estate, after payment of the debts. If she dies before distribution, her administrator (and, by the law of Maryland, her husband stands in the place of her administrator) became entitled to her share of the estate. It is unimportant whether or not the administrator of her husband had collected all the debts due to his estate before her death. It has been said, in argument, that this money was not a part of her husband's estate, either during his or her life, or at the time of his death. This, however, is immaterial, because the court has decreed that it shall be distributed as assets of his estate. And the only question is, how would the assets of his estate now be distributed? Unquestionably, as they would have been on the day of his death, when the rights of the distributees accrued. If any distributee is dead, his or her share goes to the personal representative of such distributee.

We are of opinion that Mr. Barrett is entitled to his wife's share of the money. Judgment for the plaintiff.